IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MICHAEL ALLEN KENNEDY,

Plaintiff,

v.

DESCHUTES COUNTY, a municipal subdivision of the State of Oregon, acting by and through its DESCHUTES COUNTY BOARD OF COMMISSIONERS acting by and through SUNRIVER SERVICE DISTRICT, a special service district; and SUNRIVER OWNERS ASSOCIATION, a mutual benefit with members association,

Defendants.

Case No. 6:12-cv-1319-AA

OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff filed suit under 42 U.S.C. § 1983 alleging unlawful employment retaliation in violation of his rights under the First and Fourteenth Amendments and state law claims of whistleblower

retaliation and wrongful discharge. Defendants Deschutes County, Deschutes County Board of Commissioners, and Sunriver Owners Association all move for dismissal of plaintiff's claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The motions are granted.

BACKGROUND

For purposes of these motions, plaintiff's "well-pleaded allegations of material fact" are accepted as true and construed in plaintiff's favor. Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010).

The Sunriver Service District (the District) is a special service district formed on June 26, 2002 to provide law enforcement, fire prevention and protection, security and emergency medical services to the resort and residential community of Sunriver, Oregon. See Or. Rev. Stat. §§ 198.605 (local services districts are municipal corporations); 451.410, et seq. The Deschutes County Board of Commissioners (County Board) serves as the governing body of the District. Through a governing Management Agreement, the County Board has delegated the management and operation of the District - including the maintenance and operation of law enforcement services - to a five-member Managing Board (District Board). See County Defs.' Mem. in Supp. Ex. A at 1, 3 (Management Agreement). The County Board appoints the members of the District Board and acts "at all times in an advisory capacity

to the District Managing Board." Management Agreement at 6.

The Sunriver Owners Association (SOA) is a non-profit mutual benefit corporation registered with the State of Oregon and governed by a nine-member Board of Directors. The District contracts with SOA for administrative services, vehicle maintenance, facilities, and computer and telephone technical supports for the District's police and fire departments.

Two positions on the District Board are reserved for SOA members, and one position is reserved for a Sunriver property owner. Plaintiff alleges that at all times relevant to this lawsuit, all five members of the District Board were SOA members.

From March 1990 through February 16, 2012, plaintiff was employed as a police officer with the Sunriver Police Department and served as Chief of the department from 2000 to 2012.

On February 16, 2012, at the end of a public District Board meeting, the District Board "voted unanimously" to terminate plaintiff's employment as Police Chief. First Am. Compl. at 5. Plaintiff maintains that he received no advance notice of his termination and did not have the opportunity to be heard on the matter.

On March 8, 2012, plaintiff asked the County Board to "look into" his termination and to reinstate him as Chief of Police. The County Board declined plaintiff's request.

On July 20, 2012, plaintiff filed this action. Plaintiff

contends that defendants terminated him in retaliation for speaking out on matters of public concern, such as third-party review of District contracts, roadway designations, public records requests, and law enforcement matters.

DISCUSSION

Plaintiff alleges First Amendment retaliation, deprivation of his substantive and due process rights, wrongful discharge, and whistleblower retaliation, all arising from his termination as Police Chief by the District Board. Defendants Deschutes County (the County), the County Board, and SOA move for dismissal of plaintiff's claims against them, arguing that they cannot be held liable for retaliation, due process violations or wrongful termination when they did not terminate plaintiff's involvement. I agree.

Plaintiff alleges that the District "is managed and operated by a Managing Board that consists of five members." First Am. Compl. at 2. Plaintiff also specifically alleges that "[o]n February 16, 2012, at the end of a public District Managing Board meeting, the District Managing Board without warning voted unanimously to terminate plaintiff's employment as Chief of Police for the [Sunriver Police District]." First Am. Compl. at 5. Plaintiff makes no allegation that he was terminated by the County, the County Board or the SOA. Plaintiff is bound by his allegation that he was terminated by the District Board, and therefore he

cannot pursue claims arising from his termination against the County, County Board or SOA.

Nonetheless, plaintiff argues that the District's actions may be imputed to the County and the County Board, because the County is the governing body of the District and the District Board "is an agent for, and acts on behalf of" the County Board. See Management Agreement at 1. Similarly, plaintiff argues that the SOA is so intertwined with the District that it may be held liable for the District's actions. Plaintiff's arguments are unavailing and do not defeat defendants' motions.

Plaintiff's § 1983 claims against the County and the County Board cannot be based on a supervisory or agency relationship between them and the District or District Board. Rather, to support a § 1983 claim, plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."). Moreover, to pursue his § 1983 claims against the County or County Board, plaintiff must allege that they violated his constitutional rights pursuant to a County policy, practice or custom. Monell, 436 U.S. at 690-91, 694. Plaintiff does not allege that County employees or the County Board were involved in his

termination, and his § 1983 claims against them must fail.

Likewise, plaintiff fails to allege that the County or the County Board had control over the District's employment decisions to support plaintiff's state law employment claims under the theory of respondeat superior. E.g., Vaughn v. First Transit, Inc., 346 Or. 128, 139, 206 P.3d 181 (2009) ("[O]nly when the principal's control over the agent with respect to the actions of the agent that gave rise to the tort claim is similar to the control that an employer exercises over an employee will the principal be vicariously liable for the negligence of its nonemployee agent."). In fact, the District is granted statutory authority to "[s]upervise, manage, control, operate and maintain service facilities" and to "[e]mploy and pay necessary agents, employees and assistants." Or. Rev. Stat. § 451.550(1),(5); see also Management Agreement at 1, 3, 4. Absent allegations that the County and County Board members were involved in or responsible for plaintiff's termination, the actions of the District or Distrist Board cannot be imputed to them.

Finally, for the reasons explained above, plaintiff cannot pursue his § 1983 or state law claims against SOA. Plaintiff does not allege that SOA terminated plaintiff's employment or had the authority to do so, and the fact that the District Board was comprised of SOA members at the time does not constitute grounds to impute the District Board's action to the SOA. See Tsao v. Desert

Palace, Inc., 698 F.3d 1128, 1139 (9th Cir. 2012) (to state § 1983 claim against a private entity, plaintiff must show that the private entity "acted under color of state law" and that the alleged constitutional violation "was caused by an official policy or custom" of the private entity). At most, plaintiff alleges that SOA members improperly influenced the District's decision, which cannot support claims of employment retaliation, due process violations, or wrongful discharge.

CONCLUSION

Defendants' Motions to Dismiss (docs. 17, 32) are GRANTED. Plaintiff's claims against Deschutes County, the Deschutes County Board of Commissioners, and the Sunriver Owners Association are DISMISSED. The parties' requests for oral argument (doc. 45) are denied as unnecessary.

Dated this 16th day of January, 2013.

Ann Aiken
United States District Judge